UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 13 |
| David L. Turk, and Linda A. Turk, | Case No. 17-48665 |
| Debtors. | Hon. Phillip J. Shefferly |
| _____/ | |
| David L. Turk, and Linda A. Turk, | Adversary Proceeding No. 17-4562-PJS |
| Plaintiffs, | |
| v. | |
| Bayview Loan Servicing, LLC, | |
| Defendant. | |
| _____/ | |

**OPINION AND ORDER DENYING MOTION FOR
FURTHER CONSIDERATION AND AMENDMENT OF JUDGMENT**

On June 9, 2017, the Debtors filed a Chapter 13 case. Their schedules show that they have a second mortgage on their home ("Home") held by Bayview Loan Servicing, LLC ("Bayview"). On August 2, 2017, the Debtors filed a complaint ("Complaint") in this adversary proceeding to strip Bayview's second mortgage from the Home under § 506(a) of the Bankruptcy Code because there is no equity to support it. Bayview answered the Complaint.

The Court tried the adversary proceeding on February 21, 2018 and issued a bench opinion on the record on March 1, 2018. The Court then entered an order dismissing the Complaint.

On March 6, 2018, the Debtors filed a Motion for Further Consideration and Amendment of Judgment Pursuant to F. R. Bank. P. 9023 and F. R. Civ. P. 59(a)(2) ("Motion") (ECF No. 36). On March 23, 2018, Bayview filed a response.

On March 26, 2018, the Court entered an order scheduling a telephone conference for March 28, 2018 to discuss the Motion. At the conference, the Court conferred with the parties about possible ways to resolve the Motion. It appeared to the Court that it was likely that the parties would be able to reach an agreement. To encourage the parties to continue their discussions to negotiate a resolution of the Motion, the Court stated that it would delay ruling on the Motion for a brief time. The Court further stated that if the Debtors and Bayview did not file a stipulation and proposed order resolving the Motion by April 4, 2018, the Court would promptly decide the Motion. Unfortunately, the Debtors and Bayview did not reach an agreement to resolve the Motion.

Instead of a stipulation resolving the Motion, on the afternoon of April 4, 2018, the Debtors filed an Amended Motion for Further Consideration and Amendment of Judgment Pursuant to F. R. Bank. 9023 and F. R. Civ. P. Rule 59(a)(2) and/or to

Amend Pleadings Pursuant to F. R. Bank. 7015(b)(2) and F. R. Civ. P. Rule 15(b)(2) ("Amended Motion"). A quick review of the Amended Motion reveals that it seeks all of the same relief requested by the Debtors in the Motion, but it also seeks a new form of relief not requested in the Motion. Specifically, it requests leave to amend the Complaint under Fed. R. Bankr. P. 7015(b)(2) and Fed. R. Civ. P. 15(b)(2). The Amended Motion does not indicate whether the Debtors sought Bayview's concurrence in this new relief, nor does it explain how a request for new relief under a rule not previously cited would somehow constitute an "amendment" to the Motion. The Amended Motion is accompanied by a notice giving Bayview 14 days in which to respond.

Despite the Debtors' Amended Motion, the Court will now do exactly what it told the parties that it would do if they did not reach an agreement by April 4, 2018: decide the Motion. To do otherwise is to try to hit a moving target. That's unfair to Bayview. Accordingly, this opinion and order addresses only the Motion, and not the Amended Motion.

For authority, the Motion relies solely on Fed. R. Civ. P. 59(a)(2), made applicable to this adversary proceeding by Fed. R. Bankr. P. 9023. That rule provides as follows:

> (2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been

entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

This rule makes clear that when a motion for new trial is filed, the Court has several options available to it in addition to granting a new trial. The Court may take additional testimony, amend findings of fact and conclusions of law or make new ones. Rule 59(a)(1)(B) sets forth the applicable legal standard and states that the Court may grant a new trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." The Sixth Circuit Court of Appeals has explained that a new trial should not be granted unless there is a showing of a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. United States v. Ford Motor Co., 532 F.3d 496, 507 (6th Cir. 2008). The Sixth Circuit has also explained that "[a] motion to amend a judgment under Rule 59(e) is not an opportunity to re-argue a case." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998).

In its bench opinion following the trial, the Court ruled on exactly what was requested in the Complaint: whether the Debtors were entitled to a lien strip under § 506(a). A request for lien strip under § 506(a) only requires the Court to adjudicate whether the moving party has proven that there is no equity, even one dollar, to support the subject lien. The Court held that the Debtors did not meet their burden of

proof. The Motion does not ask the Court to change its ruling, and does not allege that the Court made a clear error of law, that there is newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice. Instead, the Motion asks the Court for a new form of relief that was not requested in the Complaint: i.e., a specific finding of value of the Home for purposes of permitting the Debtors to use § 1322(c)(2) of the Bankruptcy Code.

Under § 1322(c)(2), a Chapter 13 plan may modify a claim secured by a debtor's principal residence where the last payment on that claim is due before the date on which the final payment is due under a Chapter 13 plan. The Debtors' plan on file at the time of the trial did not request § 1322(c)(2) relief. Nor did the Debtors request such relief either in the Complaint or during the trial. However, the Debtors allege in the Motion – for the first time – that they now believe that Bayview's second mortgage may be modified under § 1322(c)(2).

If the Debtors wanted the Court to make a specific finding of the value of the Home in the trial for purposes of § 1322(c)(2), they could have requested that in the Complaint before the Court held the trial, or even during the trial. They did not do so. Asking the Court to now do so is to ask for an advisory opinion on a matter that was not properly joined before the Court for disposition.

-5-

17-04562-pjs    Doc 42    Filed 04/05/18    Entered 04/06/18 08:08:25    Page 5 of 6

The fact that Rule 59(a)(2) gives the Court discretion to take various forms of action following a trial presupposes that there is a meritorious motion for new trial or motion to amend a judgment. That is not the case here. The Motion's request that the Court now grant a form of relief that was not requested by the Complaint does not set forth any meritorious grounds for relief under Rule 59. Accordingly,

**I**T **I**S **H**EREBY **O**RDERED that the Motion (ECF No. 36) is denied.

**I**T **I**S **F**URTHER **O**RDERED that to the extent that the Amended Motion requests relief that is different than the relief requested in the Motion, the Court does not express any view about such relief, and this opinion and order is without prejudice to the Debtors' request for such relief and Bayview's defenses to such relief.

**Signed on April 05, 2018**



/s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**